# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD P. BOUDREAUX<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY<br><br>　　　　　Defendant. | Civil Action No.<br><br>Division:<br><br>Magistrate:<br><br>Judge: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, DONALD P. BOUDREAUX, ("Homeowner"), who files this Complaint against Defendant, LEXINGTON INSURANCE COMPANY ("Insurer") on the grounds set forth below:

### I.　Jurisdiction & Venue

1.

Federal courts, like this Court, have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction because this matter involves completely diverse parties and because the amount in controversy exceeds $75,000.00. Insurer's domicile is 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808. Its principal place of business is 99 High Street, Floor 24, Boston, Massachusetts 02110.

2.

This Court has personal jurisdiction over Insurer because Insurer does business in and is authorized to do business in the State of Louisiana and because Insurer issued a policy of insurance covering property that is located in this State and Parish.

3.

Venue of this action is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District and because a substantial part of property that is the subject of this action is situated in this District. The insured Property, defined below, is located in this District and the Flood at issue (also defined below) occurred in this District.

4.

The Policy, defined below, provides that suit against Insurer must be filed "in the United States District Court of the district in which the insured property was located at the time of the loss."

## II. Parties

5.

Homeowner is a person of the full age of majority and is domiciled in Livingston Parish, Louisiana, and at all times relevant herein was the owner of property located at municipal address 7525 Colonial Dr., Denham Springs, LA 70726.

6.

Insurer, LEXINGTON INSURANCE COMPANY, is a foreign insurance company authorized to and presently doing business in Livingston Parish, Louisiana.

7.

Insurer issued a private flood insurance policy. The policy is not underwritten by the National Flood Insurance Program ("NFIP").

### III. Factual Background

8.

This breach of contract action involves a private flood insurance policy ("Policy") that Insurer provided to Homeowner pursuant to the Biggert-Waters Flood Insurance Reform Act of 2012. The Policy Number is No. FA5067288060.

9.

In mid-August 2016, long-duration flooding (the "Flood") devastated large segments of Louisiana, including causing physical changes and damage to the Homeowner's insured property ("Property"), which is located at municipal address 7525 Colonial Dr., Denham Springs, LA 70726.

10.

After the Flood, the Red Cross called it the worst natural disaster since Hurricane Sandy.

11.

The private flood insurance policy ("Policy") covering the Property is largely based on the Standard Flood Insurance Policy ("SFIP") Dwelling Form used in the NFIP. However, this Policy enumerates all the deviations from the SFIP policy.

12.

Homeowner paid all premiums when due and the Policy was in full force and effect at the time of the loss.

13.

On the date of the loss, the Flood damaged Homeowner's home and personal property located therein. Homeowner has incurred and/or will incur significant expenses to restore the Property to its pre-flood condition.

14.

Homeowner timely reported these losses to Insurer.

15.

Upon information and belief, Insurer hired and sent an adjuster to Homeowner's Property, and that adjuster, together with Insurer's approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, Insurer's general company claims handling standards, and/or with claims manuals.

16.

To the extent that Homeowner's prior notification may not have served as satisfactory proof of loss, Insurer had satisfactory proof of loss pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973 once its adjuster inspected the Property.

17.

Ultimately, Homeowner realized that numerous covered items had been omitted or underpaid by Insurer.

18.

Because the Insurer's payments failed to adequately compensate Homeowner for all covered losses, Homeowner retained independent experts to evaluate the extent of the flood loss caused by and from flood.

19.

The experts found conclusive evidence that the Flood critically damaged Homeowner's covered property in an amount and scope far greater than what was found by Insurer's adjuster.

20.

These covered damages were thoroughly documented and the supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate, was submitted to Insurer for review.

21.

Despite receipt of documentation evidencing Insurer's substantial underpayment, Insurer has unfairly and improperly persisted in denying these claims, which are due under the Policy.

**IV.   Claim for Relief: Breach of Contract**

22.

Homeowner repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

23.

Homeowner and Insurer entered into an insurance contract when Homeowner purchased and Insurer issued the Policy.

24.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Homeowner for, among other things, physical damage to their Property by and from flood.

25.

Homeowner fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with Insurer regarding the flood insurance claim at issue in this lawsuit. Homeowner complied with all conditions precedent to recovery by paying all premiums, timely notifying Insurer of loss, and by providing satisfactory proof of loss.

26.

This is an action for damages as a result of Insurer's breach of the Policy, an insurance contract.

27.

The Flood physically changed and damaged the Property.

28.

Insurer issued insufficient payment on this Policy for the Flood.

29.

Upon information and belief, Insurer owes Homeowner the remainder of the policy limits for this claim, as well as bad faith penalties.

30.

Insurer materially breached the insurance contract when it wrongly failed to pay Homeowner this remaining amount due for damages directly caused to the Property by or from the Flood. Insurer also breached the contract by failing to perform other obligations it owed under the Policy.

31.

By virtue of its various breaches of contract, including its failure to pay Homeowner for Homeowner's covered losses, Insurer is liable to and owes Homeowner for the actual damages

Homeowner sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Homeowner may prove as allowed by law, including extracontractual damages for bad faith.

## V. Prayer for Relief

**WHEREFORE**, Homeowner respectfully requests that this Court enter judgment in Homeowner's favor for all such amounts Homeowner proves at trial, for expenses, for pre-judgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: */s/ Rajan Pandit*
    **RAJAN PANDIT,** Bar No. 32215
    **JASON M. BAER**, Bar No. 31609
    **CASEY C. DEREUS**, Bar No. 37096
    701 Poydras Street, Suite 3950
    New Orleans, LA 70139
    Telephone:   (504) 313-3800
    Facsimile:    (504) 313-3820
    Email:       laflood@panditlaw.com
    COUNSEL FOR PLAINTIFF