UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD P. BOUDREAUX                                    CIVIL ACTION

VERSUS                                                 NO. 17-1542-BAJ-EWD

LEXINGTON INSURANCE COMPANY


**ORDER**

Before the Court is an Amended Complaint, filed by plaintiff Donald P. Boudreaux.[1]

Plaintiff filed a Complaint in this Court on November 1, 2017, asserting that this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[2]  On November 2, 2017,

Plaintiff was ordered file an amended Complaint properly setting forth the citizenship particulars

required to establish that the Court has diversity jurisdiction over this case.[3]  Pursuant to the

November 2, 2017 Order, Plaintiff filed an Amended Complaint, which contains the following

allegations regarding citizenship of the parties:

> 5.
> Homeowner is a person of the full age of majority and is domiciled
> in Livingston Parish, Louisiana, and at all times relevant herein was
> the owner of property located at municipal address 7525 Colonial
> Dr., Denham Springs, LA 70726.
> 6.
> Insurer, LEXINGTON INSURANCE COMPANY, is a foreign
> insurance company authorized to and presently doing business in

---

[1] R. Doc. 4.
[2] R. Doc. 1 at ¶ 3.
[3] R. Doc. 2.

Livingston Parish, Louisiana.[4]

The Amended Complaint further asserts that, "Insurer's domicile is 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808. Its principal place of business is 99 High Street, Floor 24, Boston, Massachusetts 02110."[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Citizenship has not been adequately alleged in the Amended Complaint. While the citizenship of Donald Boudreaux has been adequately alleged,[6] the citizenship of Lexington Insurance Company ("Lexington") has not been properly alleged. Like the original Complaint,[7] the Amended Complaint does not allege whether Lexington is incorporated. The Fifth Circuit has held, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

However, the Fifth Circuit has also held that, "[A]n unincorporated association is considered to have the citizenship of its members." *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (citation omitted). Further, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077,

---

[4] R. Doc. 4 at ¶¶ 5 and 6.
[5] R. Doc. 4 at ¶ 1.
[6] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[7] *See,* R. Doc. 1.

1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at \*4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a motion to substitute the Amended Complaint[8] with a comprehensive amended complaint (*i.e*., it may not refer back to or rely on any previous pleading), that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 4.